IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR GONZALEZ,

    Petitioner,                      No. 2:11-cv-2275 GEB GGH P

    vs.

DOMINGO URIBE, JR.,

    Respondent.                  FINDINGS and RECOMMENDATIONS

_____/

        This is a pro se petition for habeas corpus relief under 28 U.S.C. § 2254. Petitioner challenges a disciplinary decision issued in 2007, and the warden now moves to dismiss alleging that the petition is untimely, and that the claims are procedurally defaulted. Petitioner opposes the motion, essentially arguing that he is entitled to statutory and equitable tolling. For the reasons explained below, the undersigned recommends that the court grant the warden's motion and dismiss the petition as untimely.

**BACKGROUND**

        In January 2007, petitioner, who at the time was a prisoner at High Desert State Prison, received a Rules Violation Report charging him with "Participating in a Mass Disturbance/Cell Extraction" in violation of California Code of Regulations § 3005(c). See Doc. No. 1 at 65. According to the report, on January 16, 2007, petitioner and his cellmate covered

their cell windows, then refused to remove the covers and to be handcuffed voluntarily. Id.  The cell extraction was videotaped.  See Doc. No. 1 at 72.  After a hearing on February 27, 2007, petitioner was found guilty of the charge and assessed, among other things, a 90 day loss of credit. See id. at 72.

A review of the record reflects that petitioner was not afforded an opportunity to watch the videotape at the time of his original hearing because allowing petition to view the video "would expose staff cell extraction procedures and jeopardize the safety and security of the institution." See Doc. Nos. 1 at 72, 10-9 at 54.  A review of the record reflects that the Senior Hearing Officer viewed and considered the videotape before arriving at his verdict, and specifically found that the video supported the contents of the disciplinary report. Id. at 72-73.  The Senior Hearing Officer additionally found that the written evidence presented at the hearing was sufficient to support the charge against petitioner. Id. at 74.

Petitioner filed administrative appeals of his disciplinary conviction, the last of which was denied on April 28, 2008. See Doc. No. 1 at 58.  Petitioner alleges that he received notice of the decision on May 2, 2008. Id. at 50.

Additionally, on January 24, 2008, petitioner filed a civil action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights in connection with the January 16, 2007 incident.  See Gonzalez v. Felker et al., 2:08-cv-0173-MCE-CMK P, Doc. No. 1.  Judgment was entered for the defendant prison officials on March 29, 2011. See id. at Doc. 77.  Between the time of filing, and entry of judgment, petitioner communicated with the court, either by letter or by motion/response, on the following dates: February 4, 2008 (amended complaint); February 6, 2008; February 21, 2008; April 28, 2008; May 1, 2008 (amended complaint); October 17, 2008; November 26, 2008 (third amended complaint); March 4, 2009 (notice of submission of documents); March 18, 2009; July 22, 2009; September 10, 2009; November 2, 2009; December 28, 2009; March 15, 2010; April 15, 2010; June 4, 2010; June 14, 2010; July 9, 2010; July 26, 2010; September 22, 2010; October 27, 2010; February 28, 2011;

and March 21, 2011.

On July 9, 2009, 436 days after the California Department of Corrections and Rehabilitation ("CDCR") denied petitioner's final administrative appeal, he filed his first state habeas petition with the Superior Court. Doc. No. 10-1 at 5. Petitioner explained the delay in filing the petition:

> I received a response from the Director's Level Review which exhaust all remedies on May 02, 2008. I was not able to get all information and forms needed until June 04, 2008. It's real difficult to go to the law library here at Centinela, especially during lockdowns. On June 04, 2008, I was placed in Ad-Seg (administrative segregation) and all my personal property was stored away. I requested all the paperwork regarding this petition and forms needed that were in my property. I was told that I'm only allowed to get legal mail that is approved by staff as a judge order court deadline. I explained that it's not a court order deadline, but there is a time limit to file a petition for writ of habeas corpus and I need all the requested papers and documents to file in court...For 10 months, I tried and tried, but would not get them, including 2 months I was in the prison infermery [sic] due to surgery on my ankle....On April 9, 2009 I was released from administrative segregation and I finally was able to receive my property, including the papers and documents needed and after 2 weeks of waiting I was able to go back to the law library and get the information and forms needed since staff lost most of my property.

Id. at 50.

On September 3, 2009, the Superior Court denied the petition, finding that petitioner "provides no explanation for the delay between the final administrative decision and the filing of the instant writ petition." See Doc. No. 1 at 19. The Superior Court further wrote:

> Claims stated in a petition for writ of habeas corpus must be raised as promptly as circumstances allow; a court will not consider issues not raised in a timely manner. In re Clark (1993) 5 Cal.4th 750. Petitioner has failed to explain the significant delay in this matter.

Id. at 20.

On December 30, 2009, plaintiff filed a petition with the Appellate Division, which denied his petition in a summary order on March 11, 2010. See Doc. No. 1 at 32, Doc. No. 10-7 at 3, 5. On June 4, 2010, petitioner then filed a petition with the Supreme Court, and, on July 14, 2010, the Supreme Court denied his petition in a summary order. See Doc. No. 1 at

39, 40. The current federal petition was filed 13 months later, on August 22, 2011.[1]

The claims raised by petitioner in his habeas petitions are: (1) the hearing officer denied petitioner's right to call witnesses during his hearing; (2) prison officials failed to appoint an investigative employee; (3) prison officials would not allow petitioner to view the videotape of his cell extraction, claiming that it was confidential; and (4) prison officials failed to provide petitioner with all documentary evidence, including incident reports. See Doc. No. 11 at 5-8.

**THE MOTION TO DISMISS**

The warden moves to dismiss, arguing that (1) the petition is untimely, being filed more than a year after the Supreme Court's decision; and (2) the claims are procedurally barred, because the Superior Court denied petitioner's first state petition as untimely. See Doc. No. 10.

Petitioner does not deny that his petitions were late (see Doc. No. 12 at 4), but objects to the dismissal motion, alleging that the Superior Court incorrectly denied his petition as late. See Doc. No. 12 at 4. Petitioner argues that the Superior Court erred when it determined that he had failed to explain the reason for his delay in filing his Superior Court petition, because, in his petition, petitioner had alleged that (1) his property was held until April 9, 2009 because he was in administrative segregation; (2) he was in surgery for two months; and (3) his access to the law library was limited. Id.

Petitioner further argues that his federal petition was filed more than a year after the Supreme Court's decision because his access to the law library is limited, and that this limited access is a state-created impediment. Id. at 5. He adds that he filed his petition as soon as the impediment was removed. Id. at 6. See also Doc. No. 1 at 14 (petitioner acknowledges that petition is filed outside one-year deadline, and describes difficulty in getting to law library, and getting envelopes and postage stamps).

---

[1] The court uses as the filing date the date on which petitioner mailed his petition, according to his proof of service, when such proof of service is attached to his pleadings. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

Petitioner finally appears to argue that he has new evidence which establishes that he is innocent of the disciplinary conviction. See Doc. No. 1 at 8, 87-88. Specifically, petitioner argues that, as part of discovery in his § 1983 proceeding, he was allowed to view the videotape of the cell extraction. See Doc. No. 1 at 87.

According to petitioner, "[t]his videotape shows that petitioner never refused to come out of his cell and never covered his cell window, and is not guilty of the charge." Id. at 88. He additionally argues that, by allowing petitioner to view the videotape as part of his civil suit's discovery, "defendants (prison officials) admitted that the videotape is not and never was confidential." Id. at 87. Plaintiff explains that he has not presented this claim to the state courts, because his Supreme Court petition was denied in July 2010, but he was not able to view the videotape until December 2010. Id. at 88.

**RELEVANT AUTHORITY**

Jurisdiction

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriquez, 411 U.S. 475, 487, 93 S.Ct. 1827 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[2] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief."). A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. Preiser at 487-88 (suit seeking

---

[2] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

5

restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison. Id.

### Timeliness

28 U.S.C. § 2244(d)(1) sets forth the relevant statute of limitations:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the limitations period begins running on the date that the petitioner's direct review becomes final, pursuant to subsection (d)(1)(A). In a situation like this, however, where the petitioner is challenging a prison disciplinary conviction, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences, pursuant to subsection (d)(1)(D), when the final administrative appeal is denied. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that statute of limitation does not begin to run until petitioner's administrative appeal has been denied); Redd v. McGrath, 343 F.3d 1077, 1081-83 (9th Cir. 2003) (holding that denial of inmate's administrative appeal was the "factual predicate" of inmate's claim that triggered commencement of limitations period).

\\\\\

Statutory Tolling

The time during which a "properly filed" application for state post-conviction or collateral review (including California habeas proceedings) is pending does not count toward this one-year period. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010), citing 28 U.S.C. § 2244(d)(2). However, a petition filed after the expiration of the statute of limitations does not operate to effect the petitioner's available time at all. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924, 124 S.Ct. 328 (2003) (state petition filed after expiration of § 2244 period cannot resuscitate expired period); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949, 123 S. Ct. 1627 (2003).

An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). Untimely petitions are not properly filed. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814 (2005) (where state court rejects petition as untimely, it was not "properly filed" and petitioner is not entitled to statutory tolling); Carey v. Saffold, 536 U.S. 214, 225-26, 122 S. Ct. 2134, 2141 (2002) (if state court rules that petition is untimely, that is "the end of the matter," regardless of whether state court also addressed merits of the claims, or whether timeliness ruling was "entangled" with the merits).

In applying AEDPA's standards, the federal court must identify the state court decision that is appropriate for our review. Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991).

Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some

extraordinary circumstances stood in his way and prevented timely filing.  See Holland v. Florida, – U.S. –, 130 S.Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See Holland v. Florida, 130 S.Ct. at 2565.  See also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness.  See Bills v. Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  This is a very high threshold, "lest the exceptions swallow the rule."  See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

For example, the Ninth Circuit has found that a prisoner's lack of access to his legal file may warrant equitable tolling, but that "ordinary prison limitations on [petitioner's] lack of access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."  Ramirez v. Yates, 571 F.3d at 998 (prisoner not entitled to equitable tolling for time in administrative segregation when he had only limited access to law library and copier).[3]

\\\\\

---

[3] The Ramirez panel also noted that

> during the same period of time [petitioner] claims that he was 'unable to prepare' his federal habeas petition due to limited library and copier access, he filed a lengthy and well-researched motion in federal court requesting the limitations period be tolled, and a successful discovery motion in the California Superior Court. [Petitioner] offers no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not these other substantial legal filings.

Ramirez v. Yates, 571 F.3d at 998.

8

Actual Innocence

The Ninth Circuit has recently determined that the "actual innocence" exception applies to AEDPA's statute of limitations. See Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Id. at 932.

> In order to present otherwise time-barred claims to a federal habeas court under Schlup [v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995)], a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases...implicating a fundamental miscarriage of justice.'" 513 U.S. at 314-15, 115 S.Ct. 851 (quoting McCleskey [v. Zant, 499 U.S. 467 (1991)], at 494, 111 S.Ct. 1454). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 316, 115 S.Ct. 851.
>
> To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence....Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – *that was not presented at trial*.

Lee v. Lambert, 653 F.3d at 937-38 (emphasis added).

**ANALYSIS**

The Petition is Untimely

Petitioner's final administrative appeal was denied on April 28, 2008, and petitioner received notice of the denial on May 2, 2008. Accordingly the federal petition was due no later than May 3, 2009. See 28 U.S.C. § 2244(d). This petition was filed more than three years later, on August 26, 2011, and so is untimely unless petitioner is entitled to tolling.

Petitioner is Not Entitled to Statutory Tolling

Petitioner filed his first state court petition on July 9, 2009, more than one year after the CDCR denied his final appeal. After denial of his first state petition in the Superior Court, pursuant to In re Clark, supra, petitioner filed two additional habeas petitions, the last of

9

which was denied by the state Supreme Court in a summary order filed July 14, 2010.

Petitioner is not entitled to statutory tolling for the time when his state court petitions were pending, because they were filed after the expiration of the statutory deadline in 28 U.S.C. § 2244. See Ferguson v. Palmateer, 321 F.3d at 823. Additionally, the petitions were not properly filed, as the Superior Court, in the only reasoned decision made by the state courts, denied petitioner's first state court petition as untimely. See Pace v. DiGuglielmo, 544 U.S. at 417, 125 S. Ct. at 1814.

Petitioner Is Not Entitled to Equitable Tolling

Petitioner does not deny that his petition was untimely filed, but appears to seek equitable tolling on the bases that he has had difficulty in obtaining the correct forms and in accessing the prison law library. See Doc. Nos. 1 at 14, 12 at 5-6. The court additionally notes that, in filing his original habeas petition with the state court, petitioner alleged that, while in administrative segregation, he had been denied access to his legal papers, and had been hospitalized. See Doc. No. 10-1 at 50.

However, the denial of his papers in 2008 and 2009 did not make it impossible for him to file a timely petition, as his papers were returned to him on April 9, 2009, before the deadline expired on April 29, 2009. Similarly, it appears from petitioner's argument that he was hospitalized well before the April 29, 2009 deadline, so that his hospitalization did not make timely filing impossible.

In addition, petitioner's difficulty in accessing the law library, getting proper forms, and making copies are not "extraordinary circumstances" warranting equitable relief. See Ramirez v. Yates, 571 F.3d at 998.[4] Moreover, just as the petitioner in Ramirez, petitioner has

---

[4] A review of the pleadings filed by petitioner in his civil rights case during the period June 4, 2008 through April 9, 2009 suggest that petitioner did have some access to the law library, even while in administrative segregation. See, e.g., Gonzalez v. Felker, 2:08-cv-0173, Doc. No. 16, filed October 17, 2008: "I've had a lot of trouble getting to the law library, even when showing a deadline. It took me over 2 weeks to get to the law library after receiving the order to write a third amended complaint, despite showing the 30 day deadline. Finally, they've let me go, but so far only

not reconciled his alleged inability to file a § 2254 petition, in this court, during the same period when he had initiated and prosecuted a civil rights action, in this court, arising out of the same incident which is the subject of the current petition.  See id.

Even if petitioner were entitled to toll all the time during which his state court petitions were pending, his federal petition was still filed more than a year after the state Supreme Court denied his final state court petition on July 14, 2010.  And, petitioner is not entitled to any equitable tolling for the period of July 14, 2010 through August 26, 2011, because difficulty in accessing the law library, getting proper forms, and making copies are not "extraordinary circumstances" warranting equitable relief.[5]  See Ramirez v. Yates, 571 F.3d at 998.

<u>Petitioner is Not Entitled to Equitable Tolling based on New Evidence</u>

Under the standard adopted by the Ninth Circuit, a petitioner seeking to toll the AEDPA deadline under Schlup must present reliable evidence of his actual innocence that was not presented at trial.  See Lee v. Lambert, 653 F.3d at 937-38.  In this case, petitioner appears to seek tolling of the AEDPA deadline through December 14, 2010, when he was allowed to view the videotape of his cell extraction.

However, petitioner presents no colorable *evidence,* or potential evidence, of actual innocence.  The sum total allegations in this regard is: "Also, petitioner now was able to view the video of the incident which will clearly prove his innocence.  No reasonable person would find him guilty after viewing this tape."  Opposition at 9 (electronic pagination).  This mere, boilerplate conclusion is insufficient.  Petitioner does not even bother to set forth a description of what he assertedly viewed in the video which would make him innocent.

---

3 times, for 2 hours a session."

[5] Petitioner appears to have access to the library during this period as well.  See, e.g., Gonzalez v. Felker, 2:08-cv-0173, Doc. No. 72, filed Feb. 28, 2011, at 2 ("Plaintiff has had access to the law library twice a week, but is still not enough time to study and look up cases in 2 hours per day....")

...

CONCLUSION

This federal petition was filed: (1) more than three years after the denial of petitioner's final administrative appeal; (2) more than two years after his papers were returned to him on April 9, 2009; and (3) more than a year after the state Supreme Court's decision denying his state habeas petition.[6] Petitioner is not entitled to any statutory or equitable tolling. The petition is accordingly untimely, and should be dismissed.[7]

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

---

[6] To the extent petitioner alleges as a grounds for federal habeas relief that the state Superior Court incorrectly determined that his initial state court petition was untimely, this court may not reach the argument, as federal courts may not grant habeas relief on account of state court errors in determining state court law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991).

[7] The court need not rule on any other grounds for dismissal.

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: August 8, 2012

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE

GGH:rb
gonz2275.fr